UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                        Case No. 19-51991

MINDY L. HITCHCOCK,                                           Chapter 11

        Debtor.                                        Judge Thomas J. Tucker
_____/

**AMENDED OPINION REGARDING THE DEBTOR'S MOTION
TO DISMISS THIS CASE**

**I. Introduction**

On August 20, 2019, the Debtor filed a voluntary petition for relief under Chapter 7, commencing this case. Kenneth Nathan was appointed the Chapter 7 Trustee of the case. On November 4, 2019, the United States Trustee filed a motion to dismiss the case under 11 U.S.C. § 707(b)(2) and § 707(b)(3), alleging that it would be an "abuse" to allow the case to remain in Chapter 7.[1] On January 28, 2020, the Court entered an order converting the case to Chapter 11, based on a stipulation between the United States Trustee and the Debtor resolving the United States Trustee's motion to dismiss.[2]

Now the case is before the Court on the Debtor's motion to voluntarily dismiss this Chapter 11 case, under 11 U.S.C. § 1112(b)(1) (the "Motion").[3] The Motion states that the United States Trustee has no objection to the dismissal of this case.[4] And the United States Trustee did not file any objection or other response to the Motion. Despite this, the former

---

[1] Docket # 42.

[2] Docket ## 72, 73.

[3] Docket # 127.

[4] *See* Mot. at ¶ 12.

Chapter 7 Trustee filed an objection to the Motion (the "Objection").[5]  No creditor or other party in interest objected to the Motion, and the deadline for objections was December 17, 2020.

On December 16, 2020, the Court entered an order questioning whether the former Chapter 7 Trustee has standing to object to the Motion (the "December 16 Order").[6]  The December 16 Order noted, among other things, that "[u]nder 11 U.S.C. § 348(e), '[t]he conversion of a case under section 706, 1112, 1208, or 1307 of this title terminates the service of any trustee or examiner that is serving in the case before such conversion;" and that "[t]herefore it appears that as of January 28, 2020, Kenneth Nathan's service as Chapter 7 Trustee ended and that as a result, he lacks any standing or authority now to object to the Debtor's Motion."  The December 16 Order required the former Chapter 7 Trustee "to file a supplement to his Objection, addressing the [standing] issue[.]"

On December 22, 2020, the former Chapter 7 Trustee filed the required supplement.[7]  The Court has reviewed the supplement.  For the following reasons, the Court concludes that the former Trustee has no standing to object to the Debtor's Motion, so the Objection must be overruled.  And the Court concludes that there is cause to dismiss this case under 11 U.S.C. § 1112(b)(1).

## II. Jurisdiction

This Court has subject matter jurisdiction over this bankruptcy case, and this contested matter, under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1), and Local Rule 83.50(a) (E.D. Mich.).

---

[5]  Docket # 129.

[6]  Docket # 130.

[7]  Docket # 131.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and § 157(b)(2)(O). This proceeding also is "core" because it falls within the definition of a proceeding "arising under title 11" and of a proceeding "arising in" a case under title 11, within the meaning of 28 U.S.C. § 1334(b). Matters falling within either of these categories in § 1334(b) are deemed to be core proceedings. *See Allard v. Coenen (In re Trans–Industries, Inc.)*, 419 B.R. 21, 27 (Bankr. E.D. Mich. 2009). This is a proceeding "arising under title 11" because it is "created or determined by a statutory provision of title 11," *see id.*, including Bankruptcy Code §§ 348 and 1112. And this is a proceeding "arising in" a case under title 11, because it is a proceeding that "by [its] very nature, could arise only in bankruptcy cases." *See id.* at 27.

## III. Discussion

### A. The Court has authority to permit the Debtor to voluntarily dismiss this case, for "cause."

Section 1112(b)(1) of the Bankruptcy Code provides:

> (b)(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1). "'The purpose of § 1112(b) . . . is to provide relief where the efforts, however heroic, have proven inadequate to the task of reorganizing . . . [Debtor's] affairs within a reasonable amount of time.'" *In re Dark Horse Tavern*, 189 B.R. 576, 580 (Bankr. N.D.N.Y. 1995).

> Section 1112(b)(4) contains a nonexhaustive list of examples of "cause" justifying dismissal of a Chapter 11 case. These examples

3

include "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation [.]" 11 U.S.C. § 1112(b)(4)(A).

. . . A bankruptcy court has broad discretion to dismiss a Chapter 11 case under 11 U.S.C. § 1112(b)."

*In re Creekside Sr. Apartments, L.P.*, 489 B.R. 51, 60 (B.A.P. 6th Cir. 2013) (citations omitted).

### B. The Debtor's Motion

The Debtor alleges, in relevant part, that cause exists to dismiss this case because her business income has been reduced significantly and continues to diminish due to the ongoing COVID-19 pandemic, and the amount of her secured and priority debt to the Internal Revenue Service and the State of Michigan is so high that she is no longer able to propose a feasible reorganization plan.[8] The Debtor states that she "requests this case be dismissed to allow her to attempt to resolve her obligations outside of bankruptcy with the assistance of her tax professionals."[9] The Debtor further alleges that "any liquidation of [her] assets would leave her homeless, without any benefit to unsecured creditors [because she] has no non-exempt assets, which would be subject to liquidation in a Chapter 7 proceeding."[10] For these reasons, the Debtor argues that it is in the best interests of creditors and the bankruptcy estate to dismiss this case. The Debtor's Motion contains a summary of her Monthly Financial Reports and a list of the total claims in her case, which support her allegations, and the Motion allegations are verified

---

[8] Mot. at ¶¶ 7, 11.

[9] *Id.* at ¶ 11.

[10] *Id.* at ¶ 10.

by the Debtor's affidavit.[11]

**C. The former Chapter 7 Trustee's Objection**

The former Chapter 7 Trustee argues in his Objection that conversion, not dismissal, is in the best interests of creditors and the estate. This is so, according to the former Chapter 7 Trustee, because if the Debtor's Chapter 11 case were converted back to Chapter 7, he would object to the "Debtor's exemption of real estate located at 28450 Bell Road, Southfield, MI ('Real Property' )" and administer that Real Property for the benefit of the Debtor's creditors.[12] The former Chapter 7 Trustee argues:

> At a minimum, priority creditors could be paid a meaningful distribution from liquidation of Debtor's Real Property. Conversely, Debtor's vaguely stated intentions to "attempt to resolve her obligations outside of bankruptcy with the assistance of her tax professionals," would require the Debtor's creditors (in particular, her priority creditors) to pursue collection of their claims outside bankruptcy court, at their own expense. In addition, Debtor appears to have no intentions to pay her non-tax creditors anything. Such creditors could participate in a potential Chapter 7 distribution. They are better served by administration of assets in a Chapter 7 proceeding, rather than dismissal.[13]

**D. The former Chapter 7 Trustee lacks standing to file and prosecute the Objection.**

An overriding problem with the former Chapter 7 Trustee's Objection is that the Trustee lacks standing to make it. The former Chapter 7 Trustee's service and his standing and authority to act in this case were terminated on January 28, 2020, when the Court entered its order converting the Chapter 7 case to Chapter 11. Section 348(e) of the Bankruptcy Code states:

---

[11] *Id.* at ¶¶ 8, 9, Ex. A.

[12] *See* Obj. at ¶ 4.

[13] *Id.* at ¶ 11.

5

"Conversion of a case under section 706, 1112, 1208, or 1307 of this title terminates the service of any trustee or examiner that is serving in the case before such conversion." 11 U.S.C. § 348(e). The former Chapter 7 Trustee has no official role in this Chapter 11 case. Nor does he have standing as a creditor, because he has no allowed and unpaid claim for compensation.[14]

For these reasons, once the Chapter 7 Trustee's service was terminated under § 348(e), he no longer had any authority or standing to file and prosecute an objection to the Debtor's Motion. *See In re DeLash*, 260 B.R. 4, 5-8 (Bankr. E.D. Cal. 2000) (citations omitted) ("[C]ourts generally hold that [once a Chapter 7 case is converted to Chapter 13] the former Chapter 7 trustee has no standing to seek reconversion of the case or otherwise act for the bankruptcy estate. But if the former chapter 7 trustee or his professionals have unpaid expenses or fees arising from the rendition of pre-conversion services to the estate, they may appear in the chapter 13 case in order to preserve and satisfy their claims."); *In re Kleber,* 81 B.R. 726, 727 (Bankr. N.D. Ga. 1987) (holding that as soon as the debtor's Chapter 7 case was converted to Chapter 11, the former Chapter 7 "[t]rustee's duties under Chapter 7 cease[d]" and the former Chapter 7 trustee had no standing to file a motion to reconvert the case to Chapter 7);[15] *Mann v. Hahn* (*In re*

---

[14] The former Chapter 7 Trustee has no claim, administrative or otherwise, in this case. The Trustee cannot be awarded any fee for his pre-conversion service, under 11 U.S.C. § 326(a), because he has not "disbursed or turned over [any] moneys" to any party in interest, within the meaning of 11 U.S.C. § 326(a). *See In re Brayan*, 602 B.R. 350, 351 (Bankr. E.D. Mich. 2019) (footnote omitted) (citations omitted) ("The Court agrees with the line of cases that hold that under the plain language of 11 U.S.C. § 326(a), a Chapter 7 trustee is not entitled to any compensation, when a Chapter 7 case is converted to Chapter 13 with the Chapter 7 trustee having made no disbursements.").

[15] In *Kleber*, the court stated, in part:

> Pursuant to § 706(a), a Debtor has an absolute one-time right to convert from a Chapter 7 to a Chapter 11. *See In re Longhorn 1979–II Drilling Program*, 32 B.R. 923 (Bankr.W.D.Okl.1983). The Senate and House Reports to the Bankruptcy Reform Act indicate that Congress intended

6

*Hahn*), 167 B.R. 693, 694-95 (Bankr. N.D. Ga. 1994) (holding that once the debtor's Chapter 7 case was converted to Chapter 13, "[s]ection 348(e) operated to strip the [Chapter 7] [t]rustee of his § 704 duties," and "[w]ithout the authority to perform these duties, he becomes powerless to act in the [d]ebtor's bankruptcy case," so that the former Chapter 7 trustee no longer had standing to object to the debtor's discharge); *In re Evans*, 344 B.R. 440, 453-55 (Bankr. W.D. Va. 2004) ("align[ing] itself with those decisions which have precluded a former Chapter 7 Trustee from later participation in the case . . . once it has been converted to Chapter 13, but nevertheless finding that because the former Chapter 7 trustee was a "'party in interest' . . . by reason of his status as an administrative claimant against the estate, but not by reason of his status as the former Chapter 7 [t]rustee, [he] ha[d] standing to move to convert the case and to object to confirmation"); 6 *Collier on Bankruptcy* ¶ 706.06 (Richard Levin & Henry J. Sommer eds., 16th ed. 2021) (footnotes omitted) (citations omitted) ("Conversion terminates the role of the chapter 7 trustee. Thereafter, the trustee no longer has authority to act for the estate or to be compensated for further services performed. . . . Once the trustee is removed, he or she no longer has standing to participate in the case, e.g. by moving to convert it back to chapter 7. Most courts have held

---

to give the Debtor an absolute right to convert from a Chapter 7. *In re Street*, 55 B.R. 763 (9th Cir. BAP 1985) (quoting H.R. No. 95–595 to accompany HR. 8200, 95th Cong., 1st Sess. (1977), p. 380; S.Rept. No. 95–989 to accompany S. 2266, 95th Cong., 2nd Sess. (1978) (94), U.S. Code Cong. & Admin. News 1978, p. 5787). Therefore, the Court has no discretion in determining whether the Debtor should be allowed to convert from a Chapter 7 to a Chapter 11 for the first time.

81 B.R. at 727. Although this in no longer good law after the United States Supreme Court's decision in *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 371 (2007) (holding that a Chapter 7 debtor does not have the absolute right to convert to Chapter 13), the *Kleber* court's holding that a former Chapter 7 trustee lacks standing "as soon as a debtor converts the case to a Chapter 11 case" has not been explicitly or implicitly overruled.

that a chapter 7 trustee is not entitled to compensation under section 326 in a case that has been converted."); *see also Harris v. Viegelahn*, 575 U.S. 510, 135 S.Ct. 1829, 1838 (2015) (strictly construing § 348(e) and holding that the former Chapter 13 trustee lacked authority to make disbursements of the debtor's undistributed postpetition wages once the debtor's Chapter 13 case was converted to Chapter 7, because "[t]he moment a case is converted from Chapter 13 to Chapter 7, . . . the Chapter 13 trustee is stripped of authority to provide that 'service'").

The former Chapter 7 Trustee cites *In re Verdi*, 241 B.R. 851(Bankr. E.D. Pa. 1999), among other cases, in support of his position that he still has standing to object to the Debtor's Motion. In *Verdi*, the bankruptcy court held that after the debtor's Chapter 7 case was converted to Chapter 13, the former Chapter 7 trustee had standing to prosecute a motion to reconvert the case to Chapter 7, because (1) the former Chapter 7 trustee was an administrative creditor in the case; (2) "the term 'party in interest' is broader than a 'creditor' and would certainly appear to include the Trustee;" and (3) "[i]n any event, we are rarely receptive to defenses based on lack of standing." *Id.* at 858-59 (citations omitted).

The Court respectfully disagrees with the *Verdi* case. First, the *Verdi* court did not cite to, nor did it discuss, the effect of § 348(e) on the power of a former Chapter 7 trustee to act once a Chapter 7 case has been converted to Chapter 13. Second, the *Verdi* court's holding that the former Chapter 7 trustee was an administrative creditor after the case was converted to Chapter 13 was based on a premise that this Court has previously rejected. In *Verdi*, the court took the view that the former Chapter 7 trustee was "not limited by 11 U.S.C. § 326(a) in making administrative claims against a Chapter 13 estate after a conversion." *See Verdi*, 241 B.R. at 856 (citing with approval *In re Colburn*, 231 B.R. 778, 781-84 (Bankr. D. Or. 1999)). This Court has

8

rejected that view.  And unlike the court in *Verdi*, this Court concludes that the former Chapter 7 Trustee is *not* a creditor in this Chapter 11 case.  *See* the discussion in footnote 14 of this Opinion and the *Brayan* case cited therein.

The Court respectfully disagrees with the holding in *Verdi* and with the other cases cited by the former Chapter 7 Trustee, to the extent they are inconsistent with this Opinion.  Rather, the Court agrees with the other cases cited above, all of which support the Court's view on the standing issue.

**E.  No one with standing to do so has objected to the Debtor's Motion.**

Because the former Chapter 7 Trustee lacks standing to object to the Debtor's Motion, the Court will overrule (and disregard) his objection.  The United States Trustee does have standing to object to the Motion, as does any creditor in this case.  *See, e.g., DeLash*, 260 B.R. at 6.  But neither the United States Trustee nor any creditor has filed an objection to the Debtor's Motion. In the absence of any such objection, the Court will accept the allegations in the Debtor's now-uncontested Motion.  Based on that, the Court finds that there is cause to dismiss this case, and that dismissal, rather than conversion, is in the best interests of creditors and the estate, within the meaning of 11 U.S.C. § 1112(b)(1).

**IV.  Conclusion**

For the reasons stated above, the Court will enter an order overruling the former Chapter 7 Trustee's Objection, granting the Debtor's Motion, and dismissing this Chapter 11 case.

**Signed on January 11, 2021**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**